**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROXANNE OLAH,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:10-1001** |
| v. | : | **(MANNION, M.J.)** |
| **BRANDON SHULTZ, and GREGORY MARTIN** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**[1]

On May 10, 2010, the plaintiff brought the instant action in relation to her arrest for disorderly conduct. (Doc. No. 1). The plaintiff filed an amended complaint on June 14, 2010, in which she alleges various claims against the defendants pursuant to 42 U.S.C. §1983, including a claim for malicious prosecution, as well as state law claims for assault, battery and abuse of process. (Doc. No. 18). The matter is currently set for trial on December 5, 2011.

On November 3, 2011, the defendants filed a motion in limine seeking to preclude testimony and/or evidence relating to the "not guilty" determination with respect to the plaintiff's disorderly conduct citation in the state court. Relying heavily upon the court's decision in Caddell v. O'Leary, 1:03-CV-2039

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(M.D.Pa.) (Conner, J.), the defendants argue that the introduction of such information relating to the state criminal proceedings would be both irrelevant and highly prejudicial in this civil action. The defendants argue that, in Caddell, the charges against the plaintiff in the underlying criminal case were dismissed with the court finding that the officers did not have a sufficient legal basis to detain and arrest the plaintiff. In the resulting §1983 case, defense counsel (who is also defense counsel in the instant action) argued in a motion in limine that the evidence of the dismissal of the criminal charges was irrelevant and non-binding to the issues in the civil rights case, and that such evidence would be unduly prejudicial to the officers. The defendants argue that Judge Conner concurred and granted the motion precluding the introduction of evidence of the basis for dismissal. (Doc. No. 42).

In response, the plaintiff argues that in order to establish her §1983 claim for malicious prosecution and her state law claim of abuse of process, one of the elements that she must establish is that the criminal proceedings ended in her favor. Moreover, the plaintiff argues that in Caddell, while the court precluded the factual basis upon which the dismissal of the criminal charges was based, the court actually allowed evidence to be introduced relating to the nature of the charges brought and the fact of the dismissal of the charges. In addition, the plaintiff argues that any potential confusion regarding the differing standards of proof between the previous criminal proceedings and the instant civil proceedings can be cured by way of jury

2

instructions.

Upon review, the court agrees with the plaintiff that evidence of the "not guilty" finding is a necessary element at least for her §1983 claim for malicious prosecution. See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)[2]. Moreover, the court agrees that the Caddell case heavily relied upon by the defendants does not provide support for the defendants' motion to exclude evidence relating to the "not guilty" determination in this case[3]. Because the court finds that the evidence of the "not guilty" determination is an essential element of the plaintiff's malicious prosecution claim, and that the probative value of the evidence would outweigh any prejudice to the defendants, the defendants' motion will be denied. See Kemp v. Philadelphia Housing Authority, 1999 WL 975121, *1 (E.D.Pa.) (finding probative value of evidence of acquittal in a malicious prosecution claim outweighed prejudice to defendants).

The defendants have also filed a motion in limine seeking to preclude testimony and/or evidence relating to alleged prior bad acts evidence under

---

[2]While the plaintiff argues that the "not guilty" evidence would also be necessary in order to establish her state law claim for abuse of process, "a plaintiff in a malicious abuse [of process] case need not show that the prior proceedings were terminated in his or her favor. The cause of action accrues immediately upon the improper use of process." Harvey v. Pincus, 549 F.Supp. 332, 340 (E.D.Pa. 1982), aff'd without op., 716 F.2d 890 (3d Cir. 1983), cert. denied, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262.

[3]The plaintiff agrees that the factual reasons for the "not guilty" finding are irrelevant, but seeks only to introduce the ultimate disposition.

Federal Rules of Evidence 404(b) and/or 403. (Doc. No. 43). Specifically, the defendants argue that the plaintiff proposes to call three witnesses who will testify as to prior unrelated encounters they had with the defendants and during which they allege that the defendants used excessive force. The defendants argue that the testimony would be irrelevant and overly prejudicial in that the testimony would be inadmissible character testimony offered in an attempt to show defendants' alleged propensity towards excessive force which would be precluded under the Federal Rules of Evidence.

The plaintiff counters that physical evidence exists that indicates that the plaintiff was punched in the back while being taken into custody and that the witness testimony at issue would go to establish the identity of the individual who punched the plaintiff. In addition, the plaintiff argues that she is seeking punitive damages, as well as bringing state law intentional tort claims which put the defendants' intent at issue. The plaintiff argues that the testimony at issue would be probative of the defendants' intent. She further argues that the testimony would go to establish that the defendants' actions were not a mistake or accident. Finally, the plaintiff argues that the defendants would not suffer any undue prejudice as a result of the admission of the testimony.

Rule 404(b) of the Federal Rules of Evidence provides:

(b) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

> however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In United States v. Green, 617 F.3d 233 (3d Cir. 2010), the Third Circuit held that "other act" evidence is admissible under Rule 404(b) if it (1) has a proper evidentiary purpose; (2) is relevant; (3) satisfies Rule 403; and (4) is accompanied by a requested limiting instruction as to the purpose for which the jury may consider the evidence. Id. at 249-50 (citing United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001)). Under Fed.R.Evid. 403, evidence that is otherwise relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

With respect to the instant action, the court finds that the testimony sought to be introduced by the plaintiff, which is wholly unrelated to the facts of this case, does not meet the requirements of Fed.R.Evid. 403, in that it would essentially have the effect of showing the defendants' alleged propensity towards the use of excessive force and would, therefore, be unduly prejudicial to the defendants. Therefore, the defendants' motion to preclude the testimony and/or evidence relating to the prior bad acts evidence will be

5

granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the defendants' motion in limine seeking to preclude testimony and/or evidence relating to the "not guilty" determination, **(Doc. No. 42)**, is **DENIED**; and

**(2)** the defendants' motion in limine seeking to preclude testimony and/or evidence relating to alleged prior bad acts evidence, **(Doc. No. 43)**, is **GRANTED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: November 28, 2011**
O:\shared\ORDERS\2010 ORDERS\10-1001-11.wpd